UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur McDarn Williams, #193920, | ) C/A No. 0:05-1430-GRA-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Anthony J. Padula, Warden; and | ) |
| Henry McMaster, Attorney General for South Carolina, | ) |
| | ) |
| Respondents. | ) |

The petitioner, Arthur McDarn Williams, proceeding *pro se*, brings this action pursuant to

28 U.S.C. § 2254 for habeas relief.  Petitioner is an inmate at the Lee Correctional Institution, a

facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma*

*pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the

Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents:

Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989);

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction,

64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh,

595 F.2d 948 (4th Cir. 1979).  As a *pro se* litigant, Petitioner's pleadings are accorded liberal

construction.  Hughes v. Rowe, 449 U.S. 5 (1980);  Estelle v. Gamble, 429 U.S. 97 (1976);  Haines

v. Kerner, 404 U.S. 519 (1972);  Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978);  Gordon v. Leeke,

574 F. 2d 1147 (4th 1978).  However, even under this less stringent standard, this *pro se* Petition is

still subject to summary dismissal.  The requirement of liberal construction does not mean that the



court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

### Discussion

Petitioner was convicted and sentenced in the Edgefield County Court of General Sessions in 1993 on the charges of kidnapping, armed robbery, and two counts of assault and battery.   In Civil Action Number 0:95-3556-19BD, this Court dismissed a previous petition for writ of habeas corpus filed by the Petitioner and granted the respondent's motion for summary judgement. Petitioner's appeal of the dismissal of his previous § 2254 action was dismissed by the United States Court of Appeals for the Fourth Circuit on November 19, 1996. Williams v. State of South Carolina, No. 96-6835 (unpublished).  Subsequently, Petitioner filed a second petition for habeas relief under § 2254 in this court on June 17, 1999 (C/A No. No. 0:99-1804-12BD), which was dismissed as successive.  Petitioner appealed the dismissal of his second petition, and the  United States Court of Appeals for the Fourth Circuit dismissed the appeal. Williams v. State of South Carolina, No. 00-6259 (unpublished).  Hence, the present petition is the third § 2254 petition filed by the Petitioner with respect to the same convictions.

As explained to the Petitioner in his prior case, he must receive permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition. Under the statutory framework established for federal post conviction relief, individuals convicted of crimes in state courts may seek federal habeas corpus relief through 28 U.S.C. § 2254, but must comply with certain statutory requirements in doing so. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  The Anti-Terrorism and Effective Death Penalty Act of 1996 (the



"AEDPA") provides for consideration of successive § 2254 petitions as follows:

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See* <u>Felker v. Turpin</u>, 518 U.S. 651, [657] (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

<u>In re Vial</u>, 115 F.3d at 1194 (footnote omitted).

> The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A).  A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

<u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996).

Therefore, in order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3).[1]  Because Petitioner has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file the within petition in the district court, the Petition is subject to dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the

---

[1] Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517.



respondents. *See* <u>Toney v. Gammon</u>, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).  *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

May 24,  2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

   The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

   During the period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
